## 10234

*IN RE* HUNT'S WILL.

HUNT v. GUERIN.

(99 S. E. 809.)

APPEAL AND ERROR—REVIEW—EVIDENCE.—On appeal from judgment involving a determination of fact, where testimony warranted a conclusion either way, the judgment will be affirmed.

Before DEVORE, J., Charleston, Spring term, 1919. Affirmed.

20—112

In the matter of the will of Morton Hunt. Proceedings by Mrs. Reta Baring Hunt to probate Will. Jurisdiction of Court objected to by J. A. Guerin, and from judgment of Circuit Court affirming judgment of probate Court sustaining its jurisdiction, he appeals.

*Mr. Francis F. Carroll,* for appellant, submits: *That A. Morton Hunt died a resident of Dorchester county:* 107 S. C. 209; 17 S. C. Eq., p. 1.

*Messrs. Miller, Huger, Wilbur & Miller,* for respondent, submit: *This being a matter relating to the probate of a will, it is exclusively a law matter triable on the law side of the Court, and the issue made on the question of jurisdiction being solely a question of fact, the concurrent findings of the probate Judge and the Circuit Judge are conclusive and not reviewable in this Court:* Vol. I, Code of 1912, secs. 34, 77; 74 S. C. 189; 3 S. C. 531; 73 S. C. 79; 15 S. C. 80; 19 S. C. 604; 43 S. C. 338; 21 S. C. 272; 25 S. C. 381; 26 S. C. 298; 2 S. C. 24; 40 S. C. 276; 18 S. E. 794; 13 S. C. 37; 18 S. C. 198; 20 S. C. 471; 80 Rich. 90; 35 S. C. 417; 14 S. E. 931; 82 S. C. 42; 12 Rich. Eq. 196; 74 S. C. 189; 53 S. E. 170; 104 S. C. 339. *Even if reviewable, the decision of the Circuit Judge is certainly not "opposed to the clear weight of the testimony," and even in equity cases the findings of fact of the probate Court will not be interfered with unless they appear to be (in the language of Mr. Justice Woods in the case of In re Solomon's Estate, supra), "opposed to the clear weight of the testimony."* 13 S. C. 87; 18 S. C. 193.

July 14, 1919.

The opinion of the Court was delivered by Mr. Justice Gage.

The issue tried is the legal residence of one A. Morton Hunt, lately dead, testate, at Charleston. The will was offered for probate, at Charleston, but issue was made that

the adjoining county of Dorchester was the residence of the testator, and that the will ought, therefore, to be proved in that county.

The probate Court of Charleston sustained its jurisdiction, and the Circuit Court on appeal affirmed that judgment. And that is the sole issue here.

The testimony warrants a conclusion either way, and in such circumstances the judgment must be affirmed; and it is so ordered. Solomon's case, 74 S. C. 189, 54 S. E. 207.